**IN THE UNITED STATES DISTRICT COURT**
   **FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | Criminal No. JFM-11-003 |
| v. | * | Civil No. – JFM-15-0456 |
| | * | |
| WAYNE E. LAMPKIN, JR. | * | |
| | ****** | |

**MEMORANDUM**

Wayne E. Lampkin, Jr. has brought this action pursuant to 28 U.S.C. §2255. Lampkin was convicted of conspiracy to distribute and possess with intent to distribute heroin. The jury found that one kilogram or more of heroin was reasonably foreseeable to Lampkin. However, in ruling upon a post-trial motion, this court found that this verdict was not substantiated by the evidence and sentenced Lampkin to the mandatory minimum term of imprisonment of 120 months. Lampkin's conviction and sentence were affirmed on appeal.

Lampkin makes three claims: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; and (3) the admission of the coded language expert testimony was contrary to law.

Lampkin has not shown that his trial counsel was in any way ineffective. Assuming that Lampkin's contentions are not procedurally defaulted, Lampkin's counsel vigorously challenged the interpretation of wiretapped telephone calls, challenged the drug quantity attributable to Lampkin, and exercised entirely reasonable judgment in not introducing evidence that was redundant. Moreover, this court's instruction concerning conspiracy law was, considered as a whole, proper. Lampkin's counsel was not ineffective in not objecting to it.

Likewise, there is no evidence whatsoever of prosecutorial misconduct. A stipulation entered into between the parties fully substantiated the prosecutor's remark concerning a prior

1

incident in which a firearm had been found in Lampkin's residence (a crime for which Lampkin had been convicted).  Further, the prosecutor did not mislead the jury as to what was heard during the wiretaps.

As to the agent's "coded language" testimony, the agent was vigorously cross-examined and admitted that language he believed referred to drugs could have referred to something else.

A separate order is being entered herewith denying Lampkin's motion.


Date:   June 10, 2015              /s/
                                   J. Frederick Motz
                                   United States District Judge